IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART SMITH**, individually and on behalf of all others similarly situated<br><br>v.<br><br>**AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS** | **CIVIL ACTION**<br><br>**NO. 22-333** |

### MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS

**Baylson, J.**                                                                                                           **April 4, 2022**

### I.     Introduction

Defendant American-Amicable Life Insurance Company of Texas has filed a Motion to Dismiss (ECF 7) in this case arising from alleged calls made by Defendant to Plaintiff Stewart Smith. Plaintiff alleges that these calls invaded his privacy and violated his rights under the Telephone Consumer Protection Act.

### II.    Background and Factual Allegations

Smith is a resident of Pennsylvania whose phone number is on the National Do Not Call Registry. American-Amicable is a life insurance company based in Texas. (Compl. ¶¶ 6–7, 26.) As alleged by Plaintiff, the events giving rise to this case are as follows.

On June 7, 2021, Smith received a phone call that he alleges began with a prerecorded message regarding available insurance benefits. Smith was informed that he was speaking with American-Amicable and was given a callback number. Smith was not interested and ended the call. (Id. ¶¶ 30–35.)

Smith then received another call on June 9, 2021, that again began with a prerecorded message regarding available insurance benefits and on which he was again informed that he was

1

speaking with American-Amicable. Smith informed the caller that he would contact them if he was interested. (Id. ¶¶ 36–42.) Following these two phone calls, Smith received two live calls regarding American-Amicable products from the callback number he was given on the June 7 phone call. (Id. ¶¶ 43–44.)

Plaintiff brought a putative class action against Defendant, alleging that the calls violated the TCPA, 47 U.S.C. § 227, et seq. Plaintiff brings two Counts. Count I alleges that American-Amicable violated the TCPA by making prerecorded, non-emergency calls to Smith. (Id. ¶¶ 59–63). Count II alleges that American-Amicable violated the TCPA and its implementing regulations by, directly or though an agent, making multiple telemarketing calls within a 12-month period to a phone number registered in the National Do Not Call Registry. (Id. ¶¶ 64–66.)

Plaintiff seeks to certify and represent a separate class for each Count. The Count I class would consist of all people in the United States who, within the last four years, received a pre-recorded call on their cell phone from or on behalf of American-Amicable. The Count II class would consist of all people in the United States who, within the last four years, received two or more telemarketing calls on their residential landline from or on behalf of American-Amicable and to a telephone number that had been registered in the National Do Not Call Registry for more than thirty days at the time of the call. (Id. ¶ 49.)

Defendant seeks dismissal of both Counts. Plaintiff filed a Response (ECF 9), and Defendant filed a Reply (ECF 10).

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings

Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002)).  To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'"  Id. (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).  Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

IV. Discussion

    a. **Traceability of Calls to Defendant**

In a TCPA action, the "plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's . . . phone."  Smith v. Direct Building Supplies, LLC, No. CV 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (Schiller, J.) (quoting Scruggs v. CHW Grp., Inc., No. CV 20-48, 2020 WL 9348208, at *9 (E.D. Va. Nov. 12, 2020)).  Defendant contends that Plaintiff has failed to plead facts sufficient to establish that the prerecorded calls are traceable to American-Amicable.  (MtD 7–15.)

In support of his conclusion that the prerecorded calls were made by or on behalf of American-Amicable, Plaintiff alleges that he was informed on both the prerecorded calls and the subsequent live calls that he was "speaking with American-Amicable," and he was directed to American-Amicable's website during the second prerecorded call.  (Compl. ¶¶ 31–39.)  Plaintiff further alleges that he was given a callback number with a Texas area code during the first prerecorded call, suggesting, in Plaintiff's view, a connection to the Texas-based American-Amicable. (Compl. ¶¶ 31–33.)

The Court finds that, if true, Plaintiff's allegation that he was informed during both prerecorded calls that he was speaking with American-Amicable supports a plausible inference

that Smith was indeed called by or on behalf of American-Amicable. This inference is also supported by the allegation that both calls concerned insurance benefits—American-Amicable's area of business. See Direct Building Supplies, 2021 WL 4623275, at *3 (discussing how "details specifying how [the plaintiff] knew that [the defendant] in fact placed these calls" may include that "the persons with whom [the plaintiff] spoke identified themselves as representatives of [the defendant], or the services these persons attempted to sell were" the defendant's services).

### b. Pre-Recorded Message Claim

The TCPA provides in relevant part that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A). Defendant argues that Plaintiff has failed to plead sufficient facts to establish that the allegedly prerecorded calls he received were, in fact, prerecorded. (MtD 16–18.) Plaintiff counters that his Complaint addresses the "tenor, nature, or circumstances" of the call such as to give rise to a plausible inference that the calls were prerecorded. (MtD Resp. 9–10.)

Allegations that may support an inference that a call was prerecorded may include 1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called. Smith v. Pro Custom Solar LLC, No. CV1920673KMESK, 2021 WL 141336, at *2–3 (D.N.J. Jan. 15, 2021); see also Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (discussing how "[a] TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of

4

human response when he attempted to have a conversation with the 'person' calling him, [or] the generic content of the message he received").

Plaintiff's allegations regarding the allegedly prerecorded calls are very thin. Plaintiff alleges that the caller ID for both calls was "spoofed" to make them falsely appear to be coming from a local number, which Plaintiff characterizes as "further indication of the *en masse* nature of the calling." (Compl. ¶¶ 28–29.) This allegation is itself conclusory, as Plaintiff does not aver his basis for concluding that the caller ID was "spoofed." Nor does Plaintiff cite any support for the premise that a "spoofed" caller ID is distinct to prerecorded calls.

Plaintiff provides no further allegations to support his conclusion that the June 7 and June 9 calls were prerecorded. To the contrary, Plaintiff describes the substance of the allegedly prerecorded calls as essentially the same as the alleged live calls he received, even alleging that he was informed on both a prerecorded call and the live calls that he was speaking with a person named "Isaac." (Id. ¶¶ 30–44.) See Trumper v. GE Cap. Retail Bank, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (dismissing a TCPA claim in which the plaintiff "provide[d] no factual allegations suggesting that that the voice on the other end of the line was prerecorded").

Because Plaintiff's allegations do not provide the basis for a plausible inference that the allegedly prerecorded calls he received were actually prerecorded, the Court will dismiss Count I without prejudice and with leave to amend. Should Plaintiff choose to amend his Complaint, he must do more than "merely proffer[] the content of the message[s] and conclusory allege[] that Defendant utilized a pre-recorded message," as "[s]uch bare-bones, conclusory allegations are insufficient to survive a motion to dismiss." Manopla v. Sansone Jr.'s 66 Automall, No. CV1716522FLWLHG, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020).

### c. National Do Not Call Registry Claim

The TCPA, in conjunction with it implementing regulations, prohibits an entity, or those acting on its behalf, from initiating multiple telemarketing calls in a twelve-month period to a "residential telephone subscriber who has registered his or her telephone number" in the National Do Not Call Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

Plaintiff does not plead in his Complaint that the cell phone on which he received the alleged calls is his residential phone. See Smith v. Vision Solar LLC, No. CV 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (Baylson, J.) (dismissing a similar TCPA claim because "[p]laintiffs never pleaded that Smith's cell phone line in question is his residential phone, as required"). Although Plaintiff contends in his Response that he "clearly alleges that his cellular telephone is his residential telephone line," (MtD Resp. 10), he must make this factual allegation in his Complaint if he wishes the Court to consider it. See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

Accordingly, the court will dismiss Count II without prejudice and with leave to amend. Additionally, although the Court is not ruling at this stage on whether to certify Plaintiff's proposed Count II class, the Court notes that Plaintiff is not a member of his proposed class as the Complaint currently stands; the proposed class consists of people who received telemarketing calls on their residential landline, whereas Plaintiff alleges only that he received telemarketing calls on his cell phone. See Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 360 (3d Cir. 2013) ("It is axiomatic that the lead plaintiff must fit the class definition.").

## V.　Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint without prejudice and with leave to amend. An appropriate Order follows.

O:\CIVIL 22\22-333 Smith v. American-Amicable Life Ins. Co. of Texas\22cv333 Memorandum re MtD.docx